WILLIAM H. ODAM, administrator, plaintiff in error, vs. JESSE NELMS, defendant in error.

[1.] In England, the appellate Court will never refuse a new trial against the opinion of the presiding Judge who tried the cause; and there is nothing in the laws of Georgia which compels this Court to adopt a contrary rule.

Where the verdict of the jury is strongly and decidedly against the weight of evidence, the Superior Courts *may* (not must) grant a new trial. It is not obligatory, even in that case to do so; they may, however, grant a new trial where the evidence preponderates in favor of the verdict.

Trover, from Baker county.   Tried before Judge ALLEN, at December Term, 1857, on the appeal.

William H. Odam, administrator of Caleb Faircloth, deceased, brought this action of trover against Jesse Nelms for

the recovery of a promissory note, for four hundred dollars, made by Roger Hair and payable to deceased, and which plaintiff alleged was the property of his intestate, &c.

The testimony on the trial was very conflicting, as to the circumstances and terms upon which the note had been delivered to Nelms by Faircloth in his lifetime. The witnesses for plaintiff testifying, that it was placed in his hands for safe keeping. The witnesses for defendant swearing that it had been turned over to defendant as a payment or indemnity to him for taking care of and supporting the family of deceased, who were living at his house at the time of Faircloth's death,

Defendant's counsel requested the Court to charge the jury:

1st. That if they believed from the evidence that plaintiff's intestate delivered the note under an agreement that defendant was to support and maintain the minor children of deceased, that this was a good and valid consideration, and plaintiff was not entitled to recover: That whether defendant had supported the children or not, had nothing to do with the present issue—if he had failed so to do, the children could proceed against him under such agreement.

2d. That if the jury believed that defendant had a claim or lien upon the note, then he was entitled to retain it until his claim was paid, or the amount of it was tendered to him, and if this had not been done, the plaintiff was not entitled to recover. The Court gave in charge the first request, but refused the second.

The jury found for the plaintiff, and defendant moved for a new trial on the grounds:

1st. That the verdict was contrary to the evidence and against the weight of evidence.

2d. That the verdict was contrary to the charge of the Court.

3d. That the Court erred in refusing to charge, as requested b y defendant.

After argument, the Court granted a new trial, on the grounds: 1st. That the verdict was against the charge of the Court: And 2d. That the Court erred in refusing to charge as requested by defendant's counsel.

To which decision granting a new trial plaintiff excepted.

STROZIER & SMITH, for plaintiff in error.

VASON & DAVIS, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

The Court in the exercise of its discretion saw fit to grant a new trial in this case; and the only question is, are we bound to control that discretion on account of its flagrant abuse?

In England, the appellate Court will never refuse a new trial, where the Judge who presided is dissatisfied with the finding. And there is nothing in the law of this State which constrains this Court to enforce a different rule. By the Act of 1853, the Superior Courts are clothed with power to grant new trials, where the verdict is strongly and decidedly against the weight of evidence. It is not obligatory to do so even in such a case. But they are not interdicted from granting new trials, even where the proof preponderates in favor of the verdict. In this case there is much conflict in the evidence.

Had the Judge refused a new trial, we are not prepared to say that we should have overruled his discretion. Still less are we disposed to do so, when he has remanded the cause for a re-hearing.

It may not be amiss to add, that there is some testimony that the note sued for was deposited by the intestate of the plaintiff, with the defendant, for the future and permanent support and maintenance of his younger children. If this be so, and the contract was of a character to render it irrevocable by Caleb Faircloth in his lifetime, in that event, a

trust would spring up in favor of these minors, which might be specifically enforced in favor of the minor children against the defendant, either pending the trover action, or at its termination.

So that should the jury ultimately find for the defendant, and thus abnegate the right of the administrator of Faircloth to the note; it does not follow, that the title to this paper would be thereby vested absolutely in Nelms.

I merely throw out this hint for as much as it is worth. If these orphan minors have rights, it would be a pity to have them overlooked or lost for want of being prosecuted.

Judgment affirmed.